```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 3/4/2016
```

------------------------------------------------------------X
DENTSPLY INTERNATIONAL INC.,           :
                                       :
                       Plaintiff,      :
                                       :          15 Civ. 8775 (LGS)
             -against-                 :
                                       :          **OPINION AND ORDER**
DENTAL BRANDS FOR LESS LLC d/b/a       :
DENTAL WHOLESALE DIRECT,               :
                                       :
                       Defendant.      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiff DENTSPLY International Inc. ("DENTSPLY") sues Defendant Dental Brands for Less d/b/a Dental Wholesale Direct ("Dental Brands") over Defendant's resale of DENTSPLY's dental products. Dental Brands moves for a permissive transfer of this case to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the following reasons, Defendant's motion is denied.

## I.    BACKGROUND

DENTSPLY is a corporation organized in Delaware with offices in York, Pennsylvania. Plaintiff produces, markets and sells dental products to retailers and distributors within the United States under various trademarks. According to DENTSPLY's First Amended Complaint (the "Complaint"), Dental Brands is not a DENTSPLY retailer or distributor, but purchases, repackages, relabels and resells DENTSPLY's products. Dental Brands is a Florida-based discount dental products retailer, and according to a declaration submitted in connection with this motion, its only place of business is in the Southern District of Florida.

The Complaint brings claims for trademark infringement, unfair competition and trademark dilution under the Lanham Act, and for violation of New York laws governing

trademark anti-dilution and unfair trade practices.  The Complaint also raises various state law claims for tortious interference with contracts, tortious interference with business relations and unfair competition.  On January 19, 2016, Defendant moved to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) or, in the alternative, for dismissal under Federal Rule of Procedure 12(b)(6).  An order dated January 25, 2016, granted the parties' request that the transfer portion of Defendant's motion be decided before reaching the merits.

## II.     STANDARD

"For the convenience of the parties and witnesses, in the interest of justice," a district court may transfer a civil action to another federal district court where it might have been brought.  28 U.S.C. § 1404(a).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

> Among the factors to be considered in determining whether to grant a motion to transfer venue "are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co.*, 462 F.3d at 106–07).  "The burden of establishing the propriety of a change of forum under § 1404 rests on the moving party."  *John Wiley & Sons, Inc. v. Swancoat*, No. 08 Civ. 5672, 2009 WL 2486048, at *4 (S.D.N.Y. Aug. 14, 2009).  "Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum[,] discretionary transfers are not favored."  *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (summary order) (internal quotation marks and alteration omitted).

**III.    DISCUSSION**

The first factor -- plaintiff's choice of forum -- weighs against transfer.  DENTSPLY filed suit here in the Southern District of New York, and its choice will not be overturned absent a definitive showing that the Southern District of Florida is a superior venue.

The second factor -- convenience of witnesses -- is neutral.  Defendant argues that its own witnesses (consisting of the company's five employees) are all located in the Southern District of Florida.  These witnesses are under Defendant's control, however, and would therefore be available to testify in either venue.  *See U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 539 (S.D.N.Y. 2014).  Any inconvenience to Dental Brands employees is offset by the convenience to DENTSPLY employees, who would prefer New York if called as witnesses to testify, for example, on the alleged differences between "authorized" products and what Dental Brands sells.

 "Although the convenience of the parties is a factor in determining whether transfer should be granted, *the convenience of non-party witnesses is accorded more weight than that of party witnesses*."  *Id.* (emphasis added).  Defendant has not argued that non-party witnesses would be inconvenienced or unavailable if the case remained in this court.  Plaintiff identifies New York as the venue where more third-party witnesses are likely to be located based on Defendants' sales in New York and the large number of dentists here.  Plaintiff intends to call as witnesses dentists who bought DENTSPLY products from Defendant.  While Defendant claims that "States, including Florida, in proximity to [its] office" account for 20% of Defendant's sales, this statement is ambiguous as to which states in addition to Florida were included to reach that figure.  In any event, Defendant acknowledges that sales in New York account for 7.5% of its nationwide sales, which would allow both sides sufficient witnesses to make their cases.

The third factor -- the location of relevant documents and relative ease of access to sources of proof -- is neutral.  As with witnesses, the documents and sources of proof in Defendant's possession in Florida are offset by those in Plaintiff's possession.  Any other relevant documents would be held by third-party customers of Dental Brands's products who, as noted above, are more likely to be found close to this venue than to the Southern District of Florida.  Even if the clear majority of relevant documents were located closer to the Southern District of Florida, "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents."  *Am. Steamship Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007); *see also ACE Am. Ins. Co. v. Bank of the Ozarks*, No. 11 Civ. 3146, 2012 WL 3240239, at *13 (S.D.N.Y. Aug. 3, 2012) ("The location of documentary evidence is typically considered a neutral factor in the transfer analysis.").

The fourth factor -- the convenience of parties -- is neutral.    Although Dental Brands would much prefer to litigate in the Southern District of Florida, Plaintiff's home office is in Pennsylvania, which is geographically closer to this district than to the Southern District of Florida.  "Where a transfer would merely switch the burden of inconvenience from one party to the other, this factor . . . is essentially neutral." *Am. Steamship*, 474 F. Supp. 2d at 484 (internal quotation marks omitted).

The fifth factor -- the locus of operative facts -- weighs in favor of transfer, but only slightly.  Dental Brands argues that the Southern District of Florida is where the relevant events occurred because that is where its employees operate, where its goods are warehoused, and where the allegedly infringing goods originated for distribution.  As DENTSPLY notes, however, this case focuses on Defendant's *sale* of Plaintiff's products, and any resulting

4

confusion those sales have caused in the dentists who have purchased those products.  The location of Defendant's warehouse and distribution center is therefore not dispositive.

The sixth factor -- the availability of process to compel the attendance of unwilling witnesses -- weighs against transfer.  Defendant's identification of its five employees as witnesses is irrelevant to this factor, which focuses on non-parties who would otherwise be beyond a court's subpoena power.  *See Wilson*, 27 F. Supp. 3d at 539.  Because DENTSPLY intends to prove its case through dentists in New York who purchased allegedly infringing products from Dental Brands, compulsory process for unwilling witnesses weighs in favor of litigating in this district.  *See* Fed. R. Civ. P. 45(c)(1)(A)–(B) (geographical scope of federal courts' subpoena power).

Finally, the seventh factor -- the relative means of the parties -- weighs slightly in favor of transfer.  "Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed."  *Martignago v. Merrill Lynch & Co.*, No. 11 Civ. 3923, 2012 WL 112246, at *9 (S.D.N.Y. Jan. 12, 2012) (internal quotation marks omitted).  Here, both entities generate substantial nationwide revenues and operate internationally.  DENTSPLY's market capitalization and revenues are, however, substantially larger than Defendant's, and Plaintiff would therefore be less inconvenienced by having to litigate in a distant forum.  This factor weighs in favor of transfer, albeit slightly.

Considering all factors, transfer is inappropriate because Defendant has failed to show by clear and convincing evidence that convenience and fairness on balance favor litigation in the Southern District of Florida.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. In accordance with Individual Rule III.B.4, the parties shall propose a briefing schedule for Defendant's pending motion to dismiss.

SO ORDERED.

Dated:  March 4, 2016
        New York, New York

                                              **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**