UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Dentsply International Inc.,                                        :
                                                                    : Civil Action
Plaintiff                                                           :
                                                                    : No. 15 CV 8775 (LGS)(GWG)
                                                                    :
       – against –                                                  : ECF Case
                                                                    :
                                                                    :
Dental Brands for Less LLC                                          :
*dba* Dental Wholesale Direct,                                      :
                                                                    :
Defendant                                                           :
                                                                    :
------------------------------------------------------------------------x


# Defendant's Reply Memorandum Supporting its Motion to Dismiss the Second Amended Complaint

ARNOLD I. KALMAN, ESQUIRE (AK 1932)
Law Offices of Arnold I. Kalman
245 South Hutchinson Street
Philadelphia, PA 19107-5722
Telephone: (215) 829-9613
Fax: (215) 829-9619
E-mail: arnoldkalman@arnoldkalmanlaw.com

*Attorney for Defendant Dental Brands for Less dba Dental Wholesale Direct*

Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

1.  Dentsply does not abide by what it alleges – it authorizes selling
    "materially different" Dentsply® products to dentists . . . . . . . . . . . . . . . . . . . 1

2.  Dentsply seeks to learn the identity of the companies supplying Dental
    Brands for Less with Dentsply® products through litigation, though it
    does not abide by its allegations in the SAC. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.  Dentsply's claims are not plausible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    a.  Dentsply's tortious interference and related claims are not . . . . . . . . 4

    b.  Dentsply's federal and state dilution claims are not . . . . . . . . . . . . . . 5

    c.  Dentsply's deceptive trade practices claim is not . . . . . . . . . . . . . . . . 6

    d.  Dentsply's federal and New York trademark infringement and
        unfair competition claims are not . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        i.   Dentsply possessed and had actual knowledge of Dental
             Brands for Less's exhibits with which to consult when
             preparing the SAC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        ii.  There are no factual allegations in the SAC to reasonably
             infer Dental Brands for Less selling Dentsply® products
             causes consumer confusion or deception . . . . . . . . . . . . . . . . . . 8

# Table of Authorities

## Cases

Ashcroft v. Iqbal,

    556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Bell Atlantic Corporation v. Twombly,

    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Chambers v. Time Warner, Inc.,

    282 F.3d 147 (2d Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Citizens of Humanity LLC v. Costco,

    171 Cal. App. 4th 1, 89 Cal. Rptr. 3d (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cortec Indus., Incorporated v. Sum Holding L.P.,

    949 F.2d 42 (2d Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Food Sciences Corporation v. Nagler,

    Civil No. 09-1798, 2010 WL 4226531 (D. N.J. March 22, 2010) . . . . . . . . . . . . . . 6

Grip-Pack Incorporated v. Illinois Tool Works Inc.,

    694 F.2d 466 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions U.S.A., Inc.,

    No. 08 CV 539, 2009 WL 4429156 (W.D.N.C. November 25, 2009) . . . . . . . . . . 4

In re Independent Service Organizations Antitrust Litigation,

    162 F.R.D. 355 (D.Kan. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

John Paul Mitchell v. Randalls Food Markets,

    17 S.W.3d 721 (Tex.Ct.App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PPX Enterprises, Incorporated v. Audiofidelity Enterprises, Inc.,
  818 F.2d 266 (2d. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Polymer Technology Corporation v. Mimran,
  37 F.3d 74 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

TechnoMarine SA v. Jacob Time Inc.,
  905 F.Supp.2d 482(S.D. N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

TechnoMarine SA v. Jacob Time Inc.,
  No. 12 CV 0790, 2013 WL 5231471 (S.D.N.Y. July 16, 2013) . . . . . . . . . . . . . . . . 5

## Statutes

N.Y. GEN. BUS. Law § 349   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1. **Dentsply does not abide by what it alleges – it authorizes selling "materially different" Dentsply® products to dentists.**

Determining if the claims Dentsply International Inc. ("Dentsply") alleges in the Second Amended Complaint ("SAC") (Document 33) are plausible – there is factual content making it reasonable to infer Dental Brands for Less LLC ("Dental Brands for Less") is liable for the alleged violations – implicates "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). And "judicial experience and common sense" show Dentsply's claims are not plausible. The Dentsply® products Dental Brands for Less sells are genuine – they are all manufactured by Dentsply, their quality is determined by it and it authorizes the sale of them, assuring they are all registered with the U. S. Food and Drug Administration for sale in the United States and the products' labels comply with government requirements. And there is thus no a difference in the composition or formulation, operational or performance characteristics, or legal or regulatory requirements of any of the Dentsply® products Dental Brands for Less sells and those Dentsply's United States sales subsidiary, Dentsply North America LLC ("DNA"), and its overseas sales subsidiaries sell. Indeed, Dentsply does not allege they are different on this basis.

Its allegations they are different (SAC, at ¶¶ 14, 17 and 18; Document 33), however, are *pretextual*. Dentsply does not abide by what it alleges – when it suits Dentsply's purpose, it *authorizes* unauthorized dealers selling dentists the "materially different" Dentsply® products. Declaration of Arnold I. Kalman, dated

1

April 5, 2016 ("Kalman Decl."), Exhibit 5 (Document 39-5, at pages 7 to 8). Dentsply thus does not itself take measures preventing Dentsply® products reaching dentists that are "materially different." *Polymer Technology Corporation v. Mimran*, 37 F.3d 74, 78-79 (2d Cir. 1994) (plaintiff must show it does not sell product "materially different" than defendant to prove claims for trademark infringement, dilution and unfair competition).

Dentsply offers no explanation why it does not disclose it does not abide by its allegations – not in the SAC and not in its opposition memorandum (Document 45). And this is not unintentional. For example, the same lawyer team that Dentsply had authorize the sale of "materially different" Dentsply® products, it had prepare the SAC. There are more examples of this of which Dentsply knows and neither discloses nor explains.

Dentsply thus is in the same position Dental Brands for Less is – they both sell the alleged "materially different" Dentsply® products to dentists. No plausible inference can then be drawn that Dental Brands for Less's sales of Dentsply® products cause consumer confusion.

### 2. Dentsply seeks to learn the identity of the companies supplying Dental Brands for Less with Dentsply® products through litigation, though it does not abide by its allegations in the SAC.

Dentsply wants to stop Dental Brands for Less selling Dentsply® products at discounted prices 20% to 30% below the prices DNA's authorized dealers sell them. (SAC, Exhibit "C," Document 33-3, at pages 14 to 50). Dental Brands for Less impedes DNA's authorized dealers selling dentists Dentsply® products at full price.

2

And Dentsply alleges it interferes with the restrictive marketing and sales scheme of its sales subsidiaries and their distributors to prevent discounting. (SAC, Counts V, VI and VII; Document 33).

Since Dentsply does not allege it is a party to these agreements, does not itself abide by the allegations of the SAC, or allege factual content in the SAC of dentists being confused or deceived, then what is the purpose of Dentsply's lawsuit?

It is to learn in litigation, through discovery, the identity of the companies supplying Dental Brands for Less with Dentsply® products. Dentsply says it is. Dentsply Mem. Opp., at 3 n.9 (Document 45). The title of Dentsply's opposition confirms it is – "Plaintiff's Memorandum of Law in Opposition to Defendant's Pre-Discovery Motion to Dismiss." And "judicial experience and common sense" points to it being this. *Grip-Pack Inc. v. Illinois Tool Works Inc.*, 694 F.2d 466, 472 (7th Cir. 1982) ("Suppose a monopolist brought a tort action against its single, tiny competitor; the action had a colorable basis in law; but in fact the monopolist would never have brought the suit – its chances of winning, or the damages it could hope to get if it did win, were too small compared to what it would have to spend on the litigation – *except that it wanted to use pretrial discovery to discover its competitor's trade secrets* . . . . In these examples the plaintiff wants to hurt a competitor not by getting a judgment against him, which would be a proper objective, but just by the maintenance of the suit, regardless of its outcome.") Indeed, Dentsply is already making the attempt. (Document 46).

But if the Court would tell Dentsply discovery of Dental Brands for Less's

3

suppliers is not appropriate – there is ample case law to for the Court to[1] – Dentsply would likely drop its lawsuit, since "its chances of winning, or the damages it could hope to get if it did win, were too small compared to what it would have to spend on the litigation." *Id*.  Dentsply can learn the identities of Dental Brands for Less's suppliers in other ways.  For example, *see* Declaration of Oded Sherman, dated April 4, 2016, at ¶ 17 (Document 38), Exhibit 8 (Document 38-8).

### 3. Dentsply's claims are not plausible.

#### a. Dentsply's tortious interference and related claims are not.

Dentsply does not allege Dental Brands for Less interferes with any contract or business relation of it with DNA or its overseas sales subsidiaries, because it does not allege *they* sell Dentsply® products to Dental Brands for Less.  Rather it alleges Dental Brands for Less interferes with the restrictive marketing and sales scheme between DNA and Dentsply's overseas sales subsidiaries *and* their distributors and dealers, since their distributors or dealers allegedly sell products

---

[1] *Citizens of Humanity LLC v. Costco*, 171 Cal. App. 4th 1, 12-16, 89 Cal. Rptr. 3d 455, 465-467 (2009); *John Paul Mitchell v. Randalls Food Markets*, 17 S.W.3d 721, 737-739 (Tex.Ct.App. 2000); *Ikon Office Solutions, Inc. v. Konica Minolta Bus. Solutions U.S.A., Inc.,* No. 08-CV-539, 2009 WL 4429156, *5 (W.D.N.C. November 25, 2009) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information, especially where a party might use the information to gain a competitive advantage.  [Citation omitted].  The parties in the present case are direct competitors, and disclosure of *customer* and *supplier* lists could potentially result in economic harm and unnecessary burden to the disclosing party."); *In re Independent Service Organizations Antitrust Litigation,* 162 F.R.D. 355, 358-359 (D.Kan. 1995) (finding that confidential supplier list was trade secret, and possibility that plaintiff might discourage suppliers from doing business with defendants sufficient to show potential harm from disclosure).

reaching Dental Brands for Less. (SAC, Count V, VI and VII). Dentsply concedes it is not a party to these contracts and does not have business relationship with any sales subsidiary's distributor or dealer. Dentsply Mem. Opp, at 18-19 (Document 45). It therefore does not have Article III standing to sue. Nor does it satisfy the first condition for alleging any claim – it must have a contract or business relationship with one. *PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc.*, 818 F.2d 266, 269 (2d. Cir. 1987); *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CV 0790, 2013 WL 5231471, at *3 (S.D.N.Y. July 16, 2013). And if there was, the SAC offers no factual content of Dentsply's business being disrupted or of lost sales for which the law permits a recovery. Dental Brands for Less Mem., at 21 to 22 (Document 37). Dentsply does not cite any case law showing otherwise. Dentsply Mem. Opp., at 18 to 19 (Document 45).

### b.     Dentsply's federal and state dilution claims are not.

Dentsply concedes its federal, New York and other State dilution claims (Counts III and IV) are not plausible since Dental Brands for Less is not using a *second* mark to sell a *dissimilar* product, but, in each instance, it uses the Dentsply trademark associated with the actual product to sell the product. And this is too true for *TPH 3 Spectrum®* – it is using Dentsply's *TPH 3 Spectrum®* trademark to sell *TPH 3 Spectrum®*. Dentsply cannot argue otherwise. And it therefore expends only a few lines in an attempt. Dentsply's Mem. Opp., at 12 to 13 (Document 45).

5

c.   **Dentsply's deceptive trade practices claim is not.**

Dentsply concedes its claim under New York's "Consumer Protection From Deceptive Acts and Practices Law," N.Y. GEN. BUS. Law § 349 (Count VIII), is not plausible.  It expends no space to show there is significant risk of harm to public health or safety because of Dental Brands for Less selling genuine Dentsply® products.  This would be difficult for Dentsply to attempt since it itself *authorizes* selling "materially different" Dentsply® products to dentists.  Kalman Decl., Exhibit 5 (Document 39-5).

d.   **Dentsply's federal and New York trademark infringement and unfair competition claims are not.**

i.   **Dentsply possessed and had actual knowledge of Dental Brands for Less's exhibits with which to consult when preparing the SAC.**

The exhibits identified in the Declarations of Oded Sherman (Document 38) and Arnold I. Kalman (Document 39) show the claims are not plausible.  And almost all of them Dentsply physically possessed and had actual knowledge of, and of necessity, consulted before filing the SAC.  Indeed, the disclaimers were.  Dentsply refers in the SAC, at ¶¶ 28 and 29 (Document 33), to Dental Brands for Less's website and the disclaimers appear there.  *TechnoMarine SA v. Jacob Time Inc.*, 905 F.Supp.2d 482, 485-486, 488-489 (S.D. N.Y. 2012) (dismissing the First and Second Amended Complaints since consumer confusion is not shown because plaintiff's complaints referred to defendant's website and the disclaimer of non-affiliation appeared there); *Food Sciences Corporation v. Nagler*, Civil No. 09-1798,

6

2010 WL 4226531, at *3 and *9 (D. N.J. March 22, 2010) (the same).  The exhibits are integral to the SAC and should be addressed.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) ("[O]n a motion to dismiss, a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim.")

For example, Dentsply *"put-in-play"* itself Dental Brands for Less's website. SAC, at ¶ 28 (Document 33); Sherman Decl., at ¶ 8 (Document 38), Exhibit 1 (Document 38-1).  And there appears on the website, at the point of sale for each Dentsply® product Dental Brands for Less sells, its disclaimer of affiliation with Dentsply and authorization from it to sell Dentsply® products, and with Dental Brands for Less's own warranty guaranteeing the products it is selling.  Indeed, Dentslpy had them in hand more than two months before filing, on March 23, 2016, the SAC.  *See* Declaration of Oded Sherman, dated January 18, 2016, at ¶ 16, and Exhibit 1 (Document 16-1); Declaration of Oded Sherman ("Sherman Decl."), dated April 5, 2016, at ¶¶ 8, 18 and 19 (Document 38), and Exhibits 2 (Document 38-2), 3 (received by Dentsply on March 15, 2016 (Document 38-3) and 4 (Document 38-4).

Dentsply also knew, before it filed the SAC, Dental Brands for Less had sold

7

the *single* item of Dentsply® product to which it refers (SAC, at ¶ 29) *nine months* before it alleges the expiration date of it expired. Sherman Decl., at ¶ 15, Exhibit 7 (Document 38-7).

And Dentsply knew of the 2011, 2013 and 2015 DENTSPLY NORTH AMERICA UNAUTHORIZED DEALER LIST (Kalman Decl., Exhibits 1 (Document 39-1), 2 (Document 39-2), and 3 (Document 39-3), and of "Think Twice Before Buying Gray" (Kalman Decl., Exhibit 4; Document 39-4). The documents are those of it and DNA which they have handed-out to dentists for more than half-a-decade – though likely a decade – to persuade them they should not acquire discounted Dentsply® products from Dental Brands for Less and other unauthorized dealers. And if Dentsply did not, it knew of them two weeks before filing the SAC, because, on March 10, 2016, Dental Brands for Less delivered them to it when fulfilling its *Fed.R.Civ.Proc. 26(a)* Initial Disclosure obligations.

And for Kalman Decl., Exhibit 5 (Document 39-5), Dentsply knew of it for almost two years. The exhibit is its May 19, 2014 authorization to sell dentists more than 2,642 items of "materially different" Dentsply® products with a "street value" of more than $132,000. The items are no different than the Dentsply® products Dental Brands for Less sells.

ii. **There are no factual allegations in the SAC to reasonably infer Dental Brands for Less selling Dentsply® products causes consumer confusion or deception.**

First, Dentsply does not allege as a fact Dental Brands for Less represents to dentists it is affiliated with or authorized by Dentsply to sell Dentsply® products.

Its allegations of this (SAC, at ¶¶ 16, 20, 21, 41 and 42) are all "conclusory" – impermissible "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, it does not allege dentists are too unsophisticated to understand that Dental Brands for Less is not a DNA authorized dealer. Third, it does allege Dental Brands for Less represents to dentists the Dentsply® products it sells them Dentsply or DNA warrant and guarantee. And fourth, it does not allege dentists are confused whether the Dentsply® products Dental Brands for Less sells them are warranted and guaranteed by it, Dentsply or DNA.

And are there any factual allegations, in the SAC, the Dentsply® products Dental Brands for Less sells are "materially different" from the Dentsply® products Dentsply manufactures and distributes to DNA and its overseas sales subsidiaries to sell? *No.*

Dentsply does not at all allege there is a difference in the composition or formulation, operational or performance characteristics, or legal or regulatory requirements of any of the Dentsply® products Dental Brands for Less sells and those DNA and Dentsply's overseas sales subsidiaries sell. Indeed, there can be none, they are all manufactured by Dentsply, their quality is determined by it and it authorizes the sale of them, assuring they are registered with the U. S. Food and Drug Administration for sale in the United States and their labels comply with government requirements. Dentsply alleges there are no Dentsply® products Dental Brands for Less sells that are not, and too not *TPH 3 Spectrum®.*

9

But where Dentsply does allege they are "materially different," its allegation of this (SAC, at ¶¶ 14, 17 and 18; Document 33) is not factual but "conclusory." *TechnoMarine SA v. Jacob Time Inc., supra*, 905 F.Supp.2d at 490-493. Indeed, it does not abide by the allegation, since it itself authorizes selling the "materially different" Dentsply® products to dentists. Dentsply thus itself does not take measures preventing Dentsply® products reaching dentists that are "materially different" from those Dental Brands for Less sells dentists.

No reasonable inference then can be drawn from the SAC showing Dental Brands for Less is liable for the trademark and unfair competition claims Dentsply alleges.

                              Respectfully submitted,

                              */s/ Arnold I. Kalman*

                              **ARNOLD I. KALMAN, ESQUIRE (AK 1932)**
                              Law Offices of Arnold I. Kalman
                              245 South Hutchinson Street
                              Philadelphia, Pennsylvania 19107-5722
                              Telephone: 215-829-9613
                              Fax: 215-829-9619
                              E-mail: arnoldkalman@arnoldkalmanlaw.com

                              *Attorney for Defendant,*
                              *Dental Brands for Less LLC*
                              *dba Dental Wholesale Direct*

Dated: May 9, 2016

## Certificate of Service

      I hereby certify that on May 9, 2016, the Defendant's Reply Memorandum Supporting its Motion to Dismiss the Second Amended Complaint was filed electronically.  Notice of this filing will be sent by e-mail to counsel for Dentsply International Inc., Larry B. Miller, Esquire, by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    */s/ Arnold I. Kalman*
                                        _____
                                        **ARNOLD I. KALMAN, ESQUIRE (AK 1932)**
                                        Law Offices of Arnold I. Kalman
                                        245 South Hutchinson Street
                                        Philadelphia, Pennsylvania 19107-5722
                                        Telephone:  215-829-9613
                                        Fax:  215-829-9619
                                        E-mail: arnoldkalman@arnoldkalmanlaw.com

                                        *Attorney for Defendant*
                                        *Dental Brands for Less LLC*
                                        *dba Dental Wholesale Direct*

Dated: May 9, 2016