```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENTSPLY INTERNATIONAL INC.,                          :
                                                      :
                               Plaintiff,             :
                                                      :
              -against-                               :
                                                      :
DENTAL BRANDS FOR LESS LLC d/b/a                      :
DENTAL WHOLESALE DIRECT,                              :
                                                      :
                               Defendant.             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/05/2016

15 Civ. 8775 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiff Dentsply Sirona Inc. (previously Dentsply International Inc. and hereinafter "Dentsply") sues Defendant Dental Brands for Less d/b/a Dental Wholesale Direct ("Dental Brands") over Defendant's resale of Dentsply's dental products. Dental Brands moves to dismiss Plaintiff's Second Amended Complaint (the "Complaint") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, Defendant's motion is granted in part and denied in part.

**I.     BACKGROUND**

The following facts are taken from the Complaint and accompanying exhibits. For purposes of the present motion, the Complaint's allegations are assumed to be true.

Dentsply is a corporation that produces, markets and sells dental products to retailers and distributors within the United States under various trademarks. Plaintiff's dental products bear the "DENTSPLY" mark, and Dentsply "exercises strict quality control over the production and storage of its DENTSPLY Products, their complete packaging, and their distribution" through authorized distributors both domestically and abroad. According to the Complaint, Dental

Brands is not an authorized retailer or distributor, but purchases, repackages, relabels and resells Plaintiff's products "that are not authorized . . . for sale in the United States and are materially different from Plaintiff's authorized goods." The alleged differences include "differences in warranty protection, quality control in storage and shipping, in reliability stemming therefrom, differences in sale of product after the expiration date thereof . . . and other differences stemming from Defendant's handling of such infringing products."

Dentsply filed suit on November 6, 2015. The Complaint asserts claims for trademark infringement, unfair competition and trademark dilution under the Lanham Act, and for violation of New York laws governing trademark dilution and unfair trade practices. The Complaint also raises various related state law claims. On April 5, 2016, Dental Brands filed the instant motion, seeking to dismiss the Complaint in its entirety.

## II.     STANDARD

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2015); *see also Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* "[W]hatever documents may properly be considered in connection with the Rule 12(b)(6) motion, the bottom-line principle is that 'once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 563).

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortland Street Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks and citation omitted). "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue. In assessing the plaintiff's assertion of standing, we accept as true all material allegations in the complaint and construe the complaint in favor of the complaining party." *Id.* at 417 (internal quotation marks, citations and alterations omitted).

### III. DISCUSSION

The Complaint asserts the following eight causes of action against Dental Brands:

   I.  Trademark Infringement under 15 U.S.C. § 1114,
  II.  Federal Unfair Competition, False Description and False Destination of Origin under 15 U.S.C. § 1125(a),
 III.  Trademark Dilution under 15 U.S.C. § 1125(c),
  IV.  State Trademark Dilution and Injury to Business Reputation,
   V.  Tortious Interference with Contracts,
  VI.  Tortious Interference with Business Relations,
 VII.  Unfair Competition, and
VIII.  Unfair and Deceptive Trade Practices.

Defendant's motion argues that each claim should be dismissed because (1) the claims are implausible, (2) the products Defendant sells are not physically and materially different from

Dentsply's, as alleged in the trademark infringement and unfair competition claims, (3) the products Defendant sells are identical to those sold by Plaintiff and use identical trademarks, contrary to what is alleged in the trademark dilution claims, (4) there is no risk posed to public health or safety, as alleged in the unfair and deceptive trade practices claim and (5) Plaintiff lacks standing to assert the tortious interference claims because Plaintiff has no property interest in Dental Brands's alleged interference with contracts involving Dentsply's sales subsidiaries.

### A.     Plausibility of the Complaint's Allegations

Defendant's motion relies heavily on factual assertions and generalized denials of the Complaint's allegations. Because "[o]n a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor," *Littlejohn*, 795 F.3d at 306, Defendant's reliance on fact-based arguments (as well as declarations and exhibits supporting these arguments) is wholly inappropriate.

In response to the Complaint's allegations that Dental Brands sells products that are "materially different from Plaintiff's authorized goods, including differences in warranty protection," quality control and reliability, Defendant argues that the Complaint should be dismissed because the goods Dental Brands sells are "genuine" and "do not cause consumer confusion." Defendant further asserts that "[d]entists . . . do not consider significant the differences Dentsply alleges" and care only about price, "operational functions and performance." Whether the products Defendant sells are truly "identical" to those Plaintiff itself sells, and whether or not dentists consider any differences between the products to be material, are factual issues that are not decided on motions to dismiss under Rule 12(b)(6), which address only the sufficiency of the complaint assuming its factual assertions to be true.

Similarly, Defendant attempts to rebut the Complaint's allegations that dentists are deceived or misled by arguing that disclaimers displayed at Dental Brands's website and "point of sale" render any claim of deception implausible. Defendant's argument is unpersuasive for at least two reasons. First, the efficacy of any disclaimer in preventing confusion is another factual dispute that cannot be resolved at motion to dismiss. *See Savin Corp. v. Savin Grp.*, 391 F.3d 439, 459 (2d Cir. 2004) ("[I]t is black letter law that actual confusion need not be shown to prevail under the Lanham Act, since actual confusion is very difficult to prove and the Act requires only a likelihood of confusion as to source."); *Pulse Creations, Inc. v. Vesture Grp. Inc.*, No. 15 Civ. 2496, 2015 WL 9581782, at *5 (S.D.N.Y. Dec. 30, 2015) ("'[L]ikelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss.'"); *Consumers Union of U.S., Inc. v. New Regina Corp.*, 664 F. Supp. 753, 772 (S.D.N.Y. 1987) ("The adequacy of a disclaimer, however, presents an issue of fact."). Second, Defendant's disclaimer argument relies entirely on materials that are not included, incorporated, or referenced in the Complaint, or otherwise integral to it, and therefore may not be considered on this motion. *Subaru Distribs. Corp.*, 425 F.3d at 122.

Defendant next argues that Counts I (federal trademark infringement), II (federal unfair competition, false description and false destination of origin), III (federal trademark dilution), IV (state trademark dilution) and VII (unfair competition) should be dismissed because "[a] retailer who does nothing more than stock, display, and resell them under the manufacturer's trademark" does not violate the law. Defendant concedes, however, that the Complaint would plead colorable claims if Dental Brands's actions cause consumer confusion, lead "dentists to believe it is affiliated with or authorized by Dentsply to sell Dentsply products," suggest to consumers that Dentsply or one of its affiliates warranties and guarantees the products Dental Brands sells or

interfere with Dentsply's quality control responsibilities. The Complaint does exactly this, alleging both the material differences in Dental Brands's products and that Defendant's sale of these products using Dentsply's trademarks and logo could cause consumers confusion as to whether Plaintiff is affiliated with or has authorized Defendant's sales.

To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Insofar as Defendant relies solely on asserted facts and materials not properly considered on a motion to dismiss, its argument that the Complaint's factual allegations are implausible is rejected. Because Dental Brands does not make any separate legal arguments as to Counts I, II and VII, the motion to dismiss is denied as to those claims.

### B. Trademark Dilution

Counts III and IV assert claims for trademark dilution under federal and state law. Defendant's motion to dismiss is denied as to these claims as well.

"Under federal law, an owner of a famous, distinctive mark is entitled to an injunction against the user of a mark that is likely to cause dilution of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009). Federal law provides two ways in which dilution can occur. "'[D]ilution by blurring' is association arising from the

similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B). "'[D]ilution by tarnishment' is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C).

New York law provides that "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition." N.Y. Gen. Bus. Law § 360-l. Similar to federal law, "[d]ilution under New York law can involve either blurring or tarnishment." *N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 557 (2d Cir. 2002).

Dental Brands does not argue that Dentsply's mark is not famous or distinctive. Instead, Defendant argues that there can be no trademark dilution because it is selling identical products as Dentsply with the identical trademarks. In essence, Defendant argues that the Complaint does not plausibly allege a likelihood of dilution.

This argument is misplaced because the Complaint does not merely allege that Defendant is reselling "genuine" or "identical" Dentsply products at a discounted price. Instead, the Complaint alleges that Defendant advertises and sells products without its warranties and quality control assurances -- including items not meant for sale in the United States and expired products -- while using the "DENTSPLY" logo. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009) ("[G]oods are not genuine if they do not conform to the trademark holder's quality control standards . . . or if they differ materially from the product authorized by the trademark holder for sale . . . ."). These allegations are sufficient to state claims for trademark dilution for two reasons.

First, the allegation that Defendant uses an identical trademark may in and of itself be sufficient to plausibly allege trademark dilution. *See Savin Corp.*, 391 F.3d at 452 ("[W]here a plaintiff who owns a *famous* senior mark can show the commercial use of an identical junior mark, such a showing constitutes circumstantial evidence of the actual-dilution element of an FTDA claim."); *see generally id.* at 453 & n.10 (noting that "commentators have suggested . . . that an identity of marks creates a presumption of actual dilution"). Second, the Complaint's allegations that Defendant is selling *inferior* products under Dentsply's marks sufficiently alleges tarnishment under both federal and New York law. *See Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 505, 507 (2d Cir. 1996) (discussing New York law and holding that "[a] trademark may be tarnished when it is 'linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context,' with the result that 'the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods.'"); *Perkins Sch. for the Blind v. Maxi-Aids, Inc.*, 274 F. Supp. 2d 319, 326 (E.D.N.Y. 2003) (tarnishment sufficiently alleged under both federal and state law where consumers may believe that plaintiff approved inferior warranty and lower quality of service); *see also Starbucks Corp.*, 588 F.3d at 110 (discussing 15 U.S.C. § 1125(c)(2)(C) and noting that a trademark may be tarnished when linked to inferior products).

Defendant's motion to dismiss the Complaint's trademark dilution claims is denied.

### C. New York Consumer Protection from Deceptive Acts and Practices Law

Count VIII of the Complaint asserts a claim under New York General Business Law § 349, which prohibits "deceptive acts and practices." N.Y. Gen. Bus. Law § 349 ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."). Defendant argues that the Complaint fails

8

to state a claim under this statute because "allegations of general consumer confusion" are insufficient without separate allegations that Dental Brands's conduct poses a significant harm to public health or safety. Because the Complaint alleges deceptive acts and practices in the sale of dental products, Defendant's argument that the Complaint does not allege harms to public health is unfounded.

A claim of deceptive trade practices under § 349 requires "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741 (N.Y. 1995)); *accord Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 274 (S.D.N.Y. 2003). Whereas private disputes unique to the parties do not fall within the statute, a colorable claim exists if the defendant's deceptive acts were likely to mislead a reasonable consumer or the public at large. *Maurizio*, 230 F.3d at 521–22; *see also Richmond v. Nat'l Grid, Brooklyn Union Gas Co.*, 553 F. App'x 56, 57 (2d Cir. 2014) (summary order). "Injury or harm that satisfy this standard include 'potential danger to the public health or safety.'" *La Cibeles, Inc. v. Adipar, Ltd.*, No. 99 Civ. 4129, 2000 WL 1253240, at *15 (S.D.N.Y. Sept. 1, 2000) (quoting *Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, No. 96 Civ. 5150, 1997 WL 137443, at *2–3 (S.D.N.Y. Mar. 24, 1997)).

The Complaint alleges that Dental Brands deceives or misleads consumers into believing that materially different products are the same as what Plaintiff sells, and that Defendant's products are warrantied and subject to the same quality control and reliability regimes as those sold by Dentsply itself. Because both parties are engaged in the business of selling dental

9

products to be bought and used by dentists, the allegations in the Complaint adequately plead a potential danger to public health.

Defendant repeats its assertion that "there is no risk posed to the public health or safety interest" because the products Dental Brands sells are "genuine," and claims that Dentsply itself allows unauthorized dealers to sell its products.  As noted above, a core dispute is whether or not Defendant's products are materially different, and this factual issue cannot be resolved on a motion to dismiss.  Similarly, the Court will not consider Defendant's assertion that Dentsply "*authorized* an unauthorized dealer to sell more than 2,642 items of" its product because the support for this contention is not included in the Complaint or in any document incorporated into or integral to the Complaint.

Defendant's motion to dismiss Count VIII is therefore denied.

### D.      New York Tortious Interference Claims

Finally, Defendant moves to dismiss the claims of tortious interference with contract and tortious interference with business relations, Counts V and VI.  For the following reasons, Defendant's motion is granted in part as to Count V, and granted in full as to Count VI.[1]

#### 1.      *Tortious Interference with Contract*

"Under New York law, '[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom.'"  *Cohane v. Nat'l*

---

[1] Defendant erroneously argues that the tortious interference claims should be dismissed for lack of subject matter jurisdiction because Plaintiff lacks Article III standing.  The Complaint adequately pleads constitutional standing by alleging that Plaintiff is injured by Defendant's unauthorized sale of goods using the DENTSPLY trademark, made possible by Defendant's inducing Dentsply's distributors to breach their distributorship agreements with Plaintiff or its subsidiaries.

*Coll. Athletic Ass'n*, 612 F. App'x 41, 44 (2d Cir. 2015) (summary order) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370 (N.Y. 1996)); *see also White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 383 (N.Y. 2007).

The Complaint alleges that "Plaintiff has over 100 wholly owned subsidiaries outside the United States," and that

> [e]ach Subsidiary is authorized to enter into distribution agreements with local distributors subject to restrictions with respect to customers, territory and channels of distribution and sale, including a prohibition against such Distributor selling DENTSPLY Products to any person if it knows, or has reason to know, that such person intends to sell, offer to sell, market, promote, distribute, use, transfer or otherwise dispose of the DENTSPLY Products outside of such distributor's particular territory.

Compl. ¶¶ 11, 12. The Complaint's description of the claim for tortious interference states, however, that Plaintiff itself at times may have contracted directly with distributors: "Plaintiff's Distributors enter into contracts with *Plaintiff or its local Subsidiaries* which prohibit them from directly or indirectly selling DENTSPLY Products" beyond certain contractual restrictions. Compl. ¶ 65 (emphasis added). "Defendant wrongfully and illegally caused Distributors to breach their contracts by inducing Distributors to sell to Defendant DENTSPLY Products in violation of the Restrictions." Compl. ¶ 67.

The breached contracts that form the basis for the intentional interference with contract claim are those between the distributors and either Plaintiff or Plaintiff's subsidiaries. The Complaint sufficiently pleads harm to Plaintiff arising from Defendant's inducement of breaches of the distribution contracts. Accepting as true the Complaint's allegations that each distribution contract prohibits distributors from directly or indirectly exceeding the contractual restrictions, and that Defendant obtained its products only by inducing these distributors to breach their contractual obligations, the Complaint states a colorable claim insofar as Dentsply (and not one

11

of its subsidiaries) was a party to the distribution contract. Because a plaintiff's status as a party to any breached contract is an element of the tort of intentional interference with contract, however, Plaintiff cannot assert claims on behalf of its subsidiaries.

Anticipating this deficiency, the Complaint states that "[u]pon ascertaining the identity of the Distributors who act as sources of Defendant's supply of the aforementioned goods and the contracts breached, Plaintiff will obtain an assignment of the claims of its Subsidiaries relating to those breached contracts and seek leave to amend the complaint to encompass those specific claims." The Complaint does not allege (and Plaintiff does not otherwise argue) that Dentsply may assert these claims directly due to any provision in the distributorship agreements or because it is an intended beneficiary of these contracts. *See* 1A *Callman on Unfair Competition, Trademarks and Monopolies* § 9:4 (4th ed. 2015) ("An action in tort for interference with business relations can be maintained by one who would otherwise have been benefitted by either an existing contractual obligation or the reasonable expectancy thereof."). Instead, Plaintiff's brief in opposition to this motion argues that, for efficiency's sake, Plaintiff should be permitted to assert claims on behalf of its subsidiaries until discovery reveals from whom Plaintiff should seek claim assignments. As laudable as efficiency may be, the law does not allow plaintiffs to assert claims on behalf of others in anticipation of those entities eventually assigning their claims. While Dentsply may seek leave to amend its complaint if and when it receives assignments of claims from its subsidiaries, it may not proceed with their subsidiaries' tortious interference claims in the interim.

Defendant's motion to dismiss Count V is denied insofar as Plaintiff was a party to the distributorship agreement allegedly breached, but granted where Plaintiff seeks to assert claims on behalf of its subsidiaries.

2. *Tortious Interference with Business Relations*

"To prevail on a claim for tortious interference with business relations -- also known as tortious interference with prospective economic advantage -- under New York law, a plaintiff must show that (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (internal quotation marks and citation omitted). "New York courts have placed some limit on what constitutes 'business relations' by rejecting, for example, a claim containing 'only a general allegation of interference with customers without any sufficiently particular allegation of interference with a specific contract or business relationship." *Id.* (quoting *McGill v. Parker*, 582 N.Y.S.2d 91, 95 (1st Dep't 1992)). "[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort. Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations." *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 1103 (N.Y. 2004).

The Complaint fails to plead a claim for tortious interference with business relations. Specifically, it does not identify any third party with whom Dentsply had current or prospective business relations, or the manner in which Defendant interfered with those relationships. The Complaint alleges only that "Defendant's actions . . . have interfered wrongfully with Plaintiff's business relations with its customers," and that the "intentional and wrongful conduct of Defendant is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation." As noted above, allegations of interference with "customers," without more, are insufficient to state a claim for tortious interference with business relations. While Plaintiff's

opposition brief asserts that "defendant is tortiously interfering with Dentsply's business relationships with its distributors and customers by causing sales to its domestic customers to be lost," the Complaint does not allege how Defendant's allegedly interfering conduct is either criminal or independently tortious.  *See id.* (more culpable conduct required for claim of tortious interference with business relations than for claim of tortious interference with contract).

Defendant's motion to dismiss the Complaint's claim for tortious interference with business relations is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED as to the claims for tortious interference with contract (only for contracts where Plaintiff was not a party) and tortious interference with business relations, but DENIED as to all other claims.  The Clerk of Court is directed to close the motion at Dkt. No. 36.

SO ORDERED.

Dated: July 5, 2016
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**