UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2020

DENTSPLY SIRONA, INC.,
                      Plaintiff,

-against-

DENTAL BRANDS FOR LESS LLC,
                      Defendant.
------------------------------------------------------------ X

15 Civ. 8775 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiff Dentsply Sirona Inc. ("Dentsply") sues Defendant Dental Brands for Less d/b/a Dental Wholesale Direct ("Dental Brands") over Defendant's resale of Dentsply's dental products. Dental Brands moves for summary judgment on the remaining claims, and Dentsply cross-moves on Count I, which asserts federal trademark infringement. For the following reasons, Dentsply's motion is denied, and Dental Brands' motion is denied in part and granted in part.

**I.    BACKGROUND**

Unless otherwise noted, the facts below are drawn from the record and are undisputed. Dentsply produces, markets and sells dental supply products. In the United States, Dentsply sells its products through a network of twenty-four authorized dealers who purchase the products directly from Dentsply. Dentsply products include trademarks that Dentsply owns and are still in effect. Dental Brands also sells dental supply products, including Dentsply products. Dental Brands is not authorized to sell Dentsply products in the United States and accordingly admits that its Dentsply products are "gray goods." Moti Betesh is Dental Brand's founder, and the managing director of the company that is Dental Brand's sole member. Oded Sherman is Dental Brand's managing director. He reports to Betesh.

Dentsply's Second Amended Complaint ("SAC") alleges trademark infringement (Count I), unfair competition, false description and false design of origin (Count II) and trademark dilution (Count III), all under federal law. The SAC also alleges under state law trademark dilution and injury to business reputation (Count IV), tortious interference with contracts (Count V), tortious interference with business relations (Count VI), unfair competition (Count VII) and unfair and deceptive practices (Count VIII). Defendant's motion to dismiss was granted as to Count VI and Count V (only for contracts where Plaintiff was not a party) and denied as to the other allegations.

## II. STANDARD

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party." *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When the movant properly supports its motions with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Federal Trade Commission v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks omitted). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."

*Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *accord Starr Indemnity & Liability Company v. Brightstar Corp.*, 388 F. Supp. 3d 304, 323 (S.D.N.Y. 2019)

### III. DISCUSSION

#### A. Count I – Federal Trademark Infringement (15 U.S.C. § 1114)

Both parties' cross-move for summary judgment on the trademark infringement claim. Both motions are denied. "A claim for trademark infringement under the Lanham Act is analyzed under a two-prong test. The first prong looks at whether the senior user's mark is entitled to protection; the second to whether the junior user's use of its mark is likely to cause consumers confusion as to the origin or sponsorship of the junior user's goods." *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016) (internal quotes and citations omitted). Dentsply is the senior user and Dental Brands is the junior user. "As to the first prong, a certificate of registration with the [Patent and Trademark Office] is prima facie evidence that the mark is registered and valid (*i.e.*, protectable), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Id*. (internal quotation marks omitted). The undisputed evidence shows that Dentsply owns each of the trademarks at issue. "The likelihood-of-confusion prong turns on whether ordinary consumers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of the junior user's mark." *Id*. (internal quotation marks omitted). In a gray-market-goods case, if the goods are not "genuine" then a likelihood of confusion exists. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009); *Original Appalachian Artworks, Inc. v. Granada Elecs. Inc.*, 816 F.2d 68, 72-73 (2d Cir. 1987). Goods are not genuine if "they do not conform to the trademark holder's quality control standards or if they differ materially from the product authorized by the trademark holder for

sale." *See L'Oreal USA, Inc. v. Trend Beauty Corp.*, No. 11 Civ. 4187, 2013 WL 4400532, at *14 (S.D.N.Y. Aug. 15, 2013) (citing *Original Appalachian Artworks, Inc. v. Granada Elecs. Inc.*, 816 F.2d at 73); *see also Zino Davidoff SA*, 816 F.2d at 245-46 (stating that the plaintiff "is likely to succeed in its trademark infringement claim . . . because [defendant] is selling under [plaintiff's] mark goods that are materially different from [plaintiff's] genuine trademarked product"). "In the context of gray-market goods, in comparing the trademark holder's product with the gray-market product, [Court's in the Second Circuit] apply a low threshold of materiality, requiring no more than a slight difference which consumers would likely deem relevant when considering a purchase of the product." *Zino Davidoff SA*, 571 F.3d at 246. The issue of what consumers are likely to deem relevant to their purchasing decision is a question of fact. *See, e.g., L'Oreal USA, Inc. v. Trend Beauty Corp.,* 11 Civ. 4187, 2013 WL 4400532, at *18 (S.D.N.Y. Aug. 15, 2013) (denying summary judgment on a trademark dilution claim because determination whether the allegedly infringing products materially differed is "a fact-intensive inquiry").

As the parties have framed the issue in their briefing, a critical question that determines Defendant's liability is whether consumers care about the differences between the parties' respective products in their purchasing decisions. Defendant proffers evidence that they do not, and Plaintiff proffers a survey that they do. This creates a classic question of fact for the jury, not suitable for resolution on a motion for summary judgment.

Plaintiff identifies various differences between the products it sells and the products that Dental Brands sells, including that Dental Brands' warranty provides less protection and is harder to access; that Dental Brands customer service is inferior to Dentsply's; and that Dental Brands' packaging contains irrelevant information that can confuse or mislead customers.

4

Plaintiff relies on a survey it commissioned and Defendant's lack of any comparable survey as evidence that dentist consumers care about these differences. Defendant, in contrast, argues that its product inside the packaging is identical to Plaintiff's, and that dentist customers care only that they can get the same product from Defendant at a more economical price than what Plaintiff offers. Defendant points to evidence from Plaintiff's sales database reflecting conversations between Plaintiff's distributors and dentists suggesting that the dentists do not care about the differences and care only about the price. This conflicting evidence creates a dispute of material fact, precluding summary judgment to either party on this claim. *See Nick's Garage, Inc.*, 875 F.3d at 113.

Plaintiff is incorrect that Defendant must use survey evidence to establish that a material difference exists between the parties' products. The case Plaintiff cites states the opposite: "We do not here suggest that . . . empirical or survey evidence is always required." *Weight Watchers Intern., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 n.7 (2d Cir. 2005). The jury, as the ultimate fact finder, must evaluate the strength of Defendant's evidence or lack of evidence. Plaintiff is also incorrect that the Dentsply sales database evidence of the dentist statements is likely inadmissible double hearsay. Reserving a definitive ruling for trial and subject to a sufficient foundation, it is likely that the distributor statements reflected in the database records are admissible as business records under Federal Rule of Evidence 803(6), and that the dentist statements that distributors report are admissible under Federal Rule of Evidence 803(3), as a statement of the declarant's then-existing state of mind. Finally, Defendant contends that the survey evidence is not reliable, as it surveys the incorrect universe of consumers and asks irrelevant and misleading questions. This is an issue for trial, or pre-trial motions.

Accordingly, Dentsply's motion for summary judgment as to Count I is denied, and Dental Brands' motion for summary judgment as to Count I is also denied.

B.     **Count II – Unfair Competition, False Description and False Designation of Origin under Federal Law (15 U.S.C. 1125(a))**

Dental Brands' motion for summary judgment on the false advertising claim in Count II is denied. False advertising under § 1125(a) imposes liability for the commercial use of "any word, term, name, symbol, or devise, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake." 15 U.S.C. § 1125(a)(1)(A). To prevail, "a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016). An advertisement is impliedly false if "although . . . literally true, it is likely to deceive or confuse customers." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 256 (2d Cir. 2014) (internal quotation omitted); *see also Time Warner Cable Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007) (a message is impliedly false if it leaves "an impression on the listener or viewer that conflicts with reality" (alteration omitted)). "[I]n many cases the evidence and the findings by the court that a plaintiff has been injured or is likely to suffer injury will satisfy the materiality standard—especially where the defendant and plaintiff are competitors in the same market and the falsity of defendant's advertising is likely to lead consumers to prefer the defendant's product over the plaintiff's." *Church & Dwight Co*, 843 F.3d at 70-71.

Dental Brands' motion is denied because a reasonable factfinder could find that Plaintiff has proved all of the elements of a false advertising claim. Dental Brands advertises its Dentsply products on the web with Dentsply's trademarks. A reasonable purchaser could view these and

6

believe that Dental Brands sells the same products as Dentsply. However, as described above, a factfinder could conclude that the two companies sell products that are different in material ways. Defendant's advertisements could be found to injure Dentsply because they cause the diversion of sales from Dentsply's authorized dealers to Dental Brands. *Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics GmbH*, No. 14 Civ. 585, 2018 WL 4253181, *3 (S.D.N.Y. Sept. 5, 2018) (false advertising which causes lost profits is recoverable under the Lanham Act). Based on this injury, a reasonable factfinder could also find that the differences between the parties' respective products are material for federal false advertising purposes. *See Church & Dwight Co.*, 843 F.3d at 70-71. The parties do not dispute that Dental Brands' online sales place the products in interstate commerce.

  **C. Counts III and IV – Trademark Dilution under Federal Law (15 U.S.C. 1125(c)) and State Law (N.Y. Gen. Bus. Law § 360-l)**

Dental Brands' motion for summary judgment on the claims of trademark dilution in Counts III (federal law) and IV (state law) is granted. "Federal law allows the owner of a famous mark to enjoin a person from using a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 205 (2d Cir. 2013) (internal quotes and citations omitted). "[D]ilution by blurring is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B). "[D]ilution by tarnishment is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C). New York law provides that the "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of

7

unfair competition." N.Y. Gen. Bus. Law § 360-l. Similar to federal law, "[d]ilution under New York law can involve either blurring or tarnishment." *N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 557 (2d Cir. 2002).

Under Federal law, "[a] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. 1125(c)(2)(A). In New York, a mark is distinctive if it is "'a strong mark—one which has a distinctive quality or has acquired a secondary meaning.'" *Fireman's Ass'n of State of New York v. French American School of New York*, 41 A.D. 3d 925, 928, 839 N.Y.S.2d 238 (3d Dep't 2007) (quoting *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.*, 369 N.E. 2d 1162, 1166 (N.Y. 1977)).

"[D]ilution fame is difficult to prove," *see Coach Services, Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1373 (Fed. Cir. 2012), and the Second Circuit grants dilution claims only where the mark is widely recognized by the general public. *See e.g.*, *Starbucks Corp.*, 736 F.3d at 201 (the Starbucks mark is famous); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 111-12 (2d Cir. 2010) (affirming a District Court decision that the Tiffany mark is famous); *see also Knowles-Carter v. Feyonce, Inc.*, 347 F. Supp. 3d 217, 227-28 (S.D.N.Y. 2018) (the BEYONCÉ mark is "famous and distinctive"), 4 McCarthy on Trademarks and Unfair Competition § 24:104. What is a "famous" mark? (5th Ed.) (proving fame "is a difficult and demanding requirement"). New York similarly requires the trademark's distinctiveness to be "extremely strong." *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp. 2d 355, 367 (S.D.N.Y. 2003); *see also Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 625 (2d Cir. 1983) (construing New York law).

The record provides that members of the dental industry are aware of the Dentsply trademarks, but offers no evidence that the mark is recognized by the general public. The

evidence is insufficient as a matter of law for a reasonable factfinder to find "fame" under federal law or "distinctiveness" under state law. *See e.g.*, *Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 781-82 (S.D.N.Y. 2013) (disposing of federal trademark dilution claim based on evidence that "while [the mark] is a recognizable name among car manufacturers, fleet managers, and car rental companies, it is at this point less well-known among the general consuming public." (alterations omitted)); *SMJ Group, Inc. v. 417 Lafayette Restaurant LLC*, 439 F. Supp. 2d 281, 292 (S.D.N.Y. 2006) (on a motion for an injunction, finding that the federal trademark dilution claim is not likely to succeed because the mark is widely recognized only by plaintiff's customers, and not the public at large). Dentsply thus cannot succeed on its federal or state trademark dilution claims as a matter of law, and Dental Brands' motion for summary judgment as to Counts III and IV is granted.

    D.      **Count V – Tortious Interference with Contracts**

Dental Brands' motion for summary judgment as to Count V is granted. "Under New York law, '[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom.'" *Cohane v. Nat'l Coll. Athletic Ass'n*, 612 F. App'x 41, 44 (2d Cir. 2015) (summary order) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370 (N.Y. 1996)); *see also White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 383 (N.Y. 2007). As the record contains no evidence that Dental Brands took any steps to interfere with the contracts between Dentsply and its foreign or domestic distributors, Dental Brands' motion as to this claim is granted.

### E. Count VII – Unfair Competition under State Law

Dental Brands' motion for summary judgment on the common law claim of unfair competition in Count VII is denied. "The essence of the tort of unfair competition under New York common law is the bad-faith misappropriation, for the commercial advantage of one person, 'a benefit or property right belonging to another person.'" *Gym Door Repairs, Inc. v. Young Equipment. Sales, Inc.*, 331 F. Supp. 3d 221, 250 (S.D.N.Y. 2018) (quoting *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005)). "'It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims.'" *Id*. (quoting *Lorillard Tobacco Co.*, 378 F. Supp. 2d at 456). "'However, unlike its federal counterpart, a viable common law claim for unfair competition requires an additional showing of bad faith.'" *Id*. (quoting *Lorillard Tobacco Co.*, 378 F. Supp. 2d at 456). "A defendant exhibits bad faith by 'adopting its mark with the intention of capitalizing on plaintiff's reputation and goodwill and any confusion between his and the senior user's product.'" *Flat Rate Movers, Ltd. v. FlatRate Moving & Storage, Inc.*, 104 F. Supp. 3d 371, 380 (S.D.N.Y. 2015) (citing *Lang v. Retirement Living Pub. Co., Inc.*, 949 F.2d 576, 583 (2d Cir. 1991)).

As detailed above, Dentsply's federal trademark infringement claim survives summary judgment. Its New York counterpart also survives summary judgment because the record contains sufficient evidence from which a reasonable jury could find that Dental Brands seeks to capitalize on Plaintiff's reputation and goodwill and any confusion between the parties' respective products.

### F. Count VIII – Unfair and Deceptive Trade Practices under State Law (N.Y. Gen. Bus. Law § 349)

Dental Brands' motion for summary judgment on the claim of deceptive trade practices in Count VIII is denied. A claim of deceptive trade practices under New York General Business Law § 349 requires that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741 (N.Y. 1995)); *accord Gibson v. SCE Group, Inc.*, 391 F. Supp. 3d 228, 250-51 (S.D.N.Y. 2019). A plaintiff must prove that the defendant's deceptive acts were likely to mislead a reasonable consumer or the public at large. *Maurizio*, 230 F.3d at 521–22; *see also Richmond v. Nat'l Grid, Brooklyn Union Gas Co.*, 553 F. App'x 56, 57 (2d Cir. 2014) (summary order). "Injury or harm that satisfy this standard include 'potential danger to the public health or safety.'" *La Cibeles, Inc. v. Adipar, Ltd.*, No. 99 Civ. 4129, 2000 WL 1253240, at *15 (S.D.N.Y. Sept. 1, 2000) (quoting *Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, No. 96 Civ. 5150, 1997 WL 137443, at *2–3 (S.D.N.Y. Mar. 24, 1997)).

There is adequate evidence to survive summary judgment that Dental Brands' sale of Dentsply products is a deceptive act directed at consumers that deceives them in a material way. A reasonable jury could find that consumers who purchase products with the Dentsply trademark reasonably expect the products to comply with Dentsply's quality control and product recall measures. The fact finder could also reasonably conclude that Dental Brands fails to comply with these measures, and that Dental Brands' sale of Plaintiff's products is therefore materially misleading, *see Chobani, LLC v. Dannon Co., Inc.*, 157 F. Supp. 3d 190, 203 n.11 (N.D.N.Y. 2016), and injurious to consumers.

## G. Issue Preclusion

Finally, Dental Brands contends that issue preclusion bars Dentsply's trademark infringement, unfair competition and trademark dilution claims. "For issue preclusion to apply, the same 'issue of fact or law' must have been 'actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 159 (2d Cir. 2019) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Dental Brands relies on a 2018, Middle District of Pennsylvania decision, denying Dentsply's motion for preliminary injunction against a different gray-goods seller, and that Court's subsequent decision granting that defendant's motion to dismiss for failure to state a claim. *See Dentsply Sirona Inc. v. Net32, Inc.*, No. 17 Civ. 1530, 2018 WL 372163 (M.D. Pa. Jan. 11, 2018); *Dentsply Sirona Inc. v. Net32, Inc.*, No. 17 Civ. 1530, 2018 WL 3473973 (M.D. Pa. July 19, 2018).

Defendant's issue preclusion argument fails. The Pennsylvania District Court dismissed Dentsply's trademark infringement, unfair competition, false description, false designation of origin claims and trademark dilution based on the insufficiency of the pleadings. *See Dentsply*, 2018 WL 3473973, at *2-3. Accordingly, these claims were not "actually litigated and resolved" and preclusion does not apply. *Kaplan*, 919 F.3d at 159. Similarly, a determination at a preliminary injunction hearing -- which merely assesses likelihood of success on the merits -- also is not a final decision entitled to preclusive effect. *See Moore v. Navillus Tile, Inc.*, No. 14 Civ. 8326, 2016 WL 750797, at *12 (S.D.N.Y. Feb. 24, 2016) ("Because preliminary injunctions . . . are not final decisions, they are not entitled to preclusive effects on subsequent decisions.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED. Dental Brands' motion for summary judgment as to trademark infringement (Count I), false advertising (Count II), state unfair competition (Count VII) and state deceptive trade practices (Count VIII) is DENIED. Plaintiff should consider whether it will voluntarily dismiss any of the surviving claims, as any damages are likely duplicative, and multiple claims with different legal requirements may be confusing to the jury. Dental Brands' motion for summary judgment as to federal and state trade dilution (Counts III, IV) and tortious interference with contracts (Count V) is GRANTED. A separate trial ready order will be issued.

Dated: April 2, 2020
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE