UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| Dentsply International Inc., | : |
| | : Civil Action |
| Plaintiff | : |
| | : No. 15 CV 8775 (LGS)(GWG) |
| | : |
| – against – | : ECF Case |
| | : |
| | : |
| Dental Brands for Less LLC | : |
| *dba* Dental Wholesale Direct, | : |
| | : |
| Defendant | : |
| | : |

-------------------------------------------------------------------x

## Dental Brands for Less LLC's Memorandum in Support of *Fed.R.Civ.Proc.* 54(b) Motion to Reconsider ECF No. 113, and to Reinstate Counterclaim (ECF No. 61), Count One (For Unlawful Conspiracy in Unreasonable Restraint of Trade in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1)

ARNOLD I. KALMAN, ESQUIRE (AK 1932)
Law Offices of Arnold I. Kalman
245 South Hutchinson Street
Philadelphia, PA 19107-5722
Telephone: (215) 829-9613
Fax: (215) 829-9619
E-mail: arnoldkalman@arnoldkalmanlaw.com

*Attorney for Defendant and Counterclaim Plaintiff*
*Dental Brands for Less LLC dba Dental Wholesale Direct*

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    The law of the case doctrine does not bar the Court reconsidering ECF No. 113, and
       reinstating Dental Brands for Less LLC's antitrust counterclaim . . . . . . . . . . . . . . . . . . 1

II.   Dental Brands for Less alleges an antitrust violation that it has standing to prosecute . . . 4

       A.    Dental Brands for Less's allegations fulfill the "*Gatt* Step One"
              condition – it alleges a plausible antitrust violation . . . . . . . . . . . . . . . . . . . . . . . 4

       B.    Dental Brands for Less's allegations fulfill the "*Gatt* Step Two"
              condition – it alleges "actual injury" attributable to Dentsply's
              anti-competitive conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       C.    Dental Brands for Less's allegations fulfill the "*Gatt* Step Three"
              condition – it alleges Dentsply's anti-competitive conduct caused
              its "actual injury." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       D.    Dental Brands for Less allegations show it is an "efficient-enforcer"
              of the alleged antitrust violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# Table of Authorities

## CASES

Anderson News L.L.C. v. American Media, Inc.,

    680 F.3d 162 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Colvin v. Keen,

    900 F.3d 63 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Dentsply International Inc. v. Dental Brands for Less LLC,

    2016 WL 6310777 (S.D.N.Y. October 27, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 9

DiLaura v. Power Authority of State of N.Y.,

    982 F.2d 73 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Eastman Kodak Company v. Henry Bath LLC,

    936 F.3d 86 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IQ Dental Supply, Inc. v. Henry Schein, Inc.,

    2017 WL 6557482 (E.D.N.Y. December 21, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IQ Dental Supply, Inc. v. Henry Schein, Inc.,

    924 F.3d 57 (2d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Johnson v. Holder,

    564 F.3d 95 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Merck Eprova AG v. Gnosis S.p.A.,

    760 F.3d 247 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

O.E.M. Glass Network Inc. v. Mygrant Glass Company, Inc.,

    2020 WL 509281 (E.D.N.Y.  January 31, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Prisco v. A & D Carting Corp.,

    168 F.3d 593 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES**

Rule 54(b), Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

I.      **The law of the case doctrine does not bar the Court reconsidering ECF No. 113, and reinstating Dental Brands for Less LLC's antitrust counterclaim.**

Before *May 10, 2019*, federal district courts within the Second Circuit held consumer dental supply dealers – though they are the target of dental manufacturers *and* their authorized dealers' market exclusion, anti-competitive conduct – did not suffer a direct "antitrust injury." And the courts therefore held these dealers did not have standing to prosecute the antitrust violation.  *See IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 2017 WL 6557482 (E.D.N.Y. December 21, 2017); *Dentsply International Inc. v. Dental Brands for Less LLC*, 2016 WL 6310777 (S.D.N.Y. October 27, 2016) (*ECF No. 113*).  The former court cited the latter court's decision.  *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 2017 WL 6557482, at *7 n.1.

However, on *May 10*, the United States Court of Appeals for the Second Circuit, in *IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 60, 67-68 (2d Cir. 2019), *petition for rehearing en banc denied*, Order, June 28, 2019, changed that and held a plaintiff dental supply dealer alleging market exclusion, anti-competitive conduct does suffer a direct "antitrust injury" and has standing to prosecute the antitrust violation.  IQ Dental Supply Inc. is in the same position in which Dental Brands for Less LLC is and is the target of the same market-exclusion, anti-competitive conduct which Dental Brands for Less alleges it is by Dentsply Sirona Inc. and its co-conspirators Henry Schein Dental, Patterson Dental and Benco Dental ("Dentsply Cartel Members").  They are also alleged co-conspirators in *IQ Dental Supply, Inc. v. Henry Schein, Inc.*, *supra*.  And though IQ Dental Supply alleges price-fixing is involved, just as Dental Brands for Less does, the Second Circuit held IQ Dental Supply still suffers a direct "antitrust injury," because the co-conspirators' price-fixing is part of the overarching conspiracy to eliminate competition from discount dental supply dealers as Dental Brands for Less.  Under these

1

circumstances, the Second Circuit would hold Dental Brands for Less has standing, just as it held IQ Dental Supply Inc. does, because it alleges facts showing a direct "antitrust injury," including to its business of selling Dentsply products through its website Dental Wholesale Direct. *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 67-68.

Thus, the Court should correct the error of law in ECF No. 113, and reinstate Dental Brands for Less's antitrust counterclaim. *See Colvin v. Keen*, 900 F.3d 63, 68, 71-74 (2d Cir. 2018) ("In all forms of human endeavor, people make mistakes, and in most circumstances the best course of action is to correct them. Judging is no different.").

*Fed.R.Civ.Proc.* 54(b) allows the Court to, because ECF No. 113 is interlocutory. Rule 54(b) states an interlocutory "order or other form of decision is subject to revision *at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties." And the law of the case doctrine does not "rigidly bind a court to its former decisions," *Colvin v. Keen*, *supra*, 900 F.3d at 68, when there is cogent and compelling reason not to, *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). Indeed, there is cogent and compelling reason not to here, since there is an intervening change of controlling law and the need to correct a clear error. *Id*.; *DiLaura v. Power Authority of State of N.Y.*, 982 F.2d 73, 77 (2d Cir. 1992) ("In any event the doctrine of law of the case 'permits a change of position if it appears that the court's original ruling was erroneous.' [Citations omitted].") The law is now a plaintiff discount dental supply dealer alleging this antitrust violation – which Dental Brands for Less alleges – suffers a direct "antitrust injury" and has the standing to prosecute the violation, whereas before the dealer did not. It would be legal error indeed to assume in the future the law did not. *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 60, 67-68; *see also Eastman Kodak*

2

*Co. v. Henry Bath LLC*, 936 F.3d 86, 94 (2d Cir. 2019) ("An antitrust injury is commonly

suffered by plaintiffs who participate in the defendants' market.").

  If this were otherwise, the law of the case doctrine would compel *"a district court to*

*maintain its initial, incorrect, ruling despite the likelihood of reversal." Colvin v. Keen*, *supra*,

900 F.3d at 69-70, *citing Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999)

(district court's departure, following trial, from its prior ruling on summary judgment, in order to

correct an error of law, was valid reason for such a departure under law of the case doctrine).

  And Dentsply is not prejudiced.  First, the Court is given Dentsply opportunity to oppose

Dental Brands for Less's Rule 54(b) motion.  *Prisco v. A & D Carting Corp.*, *supra*, 168 F.3d at

607 ("Prejudice' in this context does not mean harm resulting from the failure to adhere to the

prior decision, but instead refers to a lack of . . . sufficient opportunity to prepare armed with the

knowledge that the prior ruling is not deemed controlling.  [Internal Quotations and Citation

Omitted].")  And it is Dentsply, after all, that mis-characterized Dental Brands for Less's

antitrust counterclaim (ECF No. 86, at 16), and misled the Court, and continues to (ECF No.

400), though the Second Circuit, in *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d

at 67-68, states the market exclusion, anti-competitive conduct Dental Brands for Less alleges is

an antitrust violation for which it has standing to prosecute.  Second, Dentsply is not harmed or

prejudiced because Dental Brands for Less's antitrust counterclaim is reinstated.  *Colvin v. Keen*,

*supra*, 900 F.3d at 68, 70.  Dentsply has no reliance interest in ECF No. 113 to protect.  It cannot

rely on ECF No. 113 to its detriment, since any change or revision of the interlocutory order is

not restricted.  *Id.* at 71.  Rule 54(b) expressly states ECF No. 113 can "be revised at *any time*

*before the entry of a judgment* adjudicating all the claims and all the parties' rights and

liabilities."

**II.    Dental Brands for Less alleges an antitrust violation that it has standing to prosecute.**

**A.    Dental Brands for Less's allegations fulfill the "*Gatt* Step One" condition – it alleges a plausible antitrust violation.**

Dental Brands for Less's counterclaim does not allege it is injured by Dentsply and its co-conspirators' horizontal price fixing scheme, just as IQ Dental Supply does not allege it is. Rather, Dental Brands for Less alleges their scheme is motive for their overarching market-exclusion conspiracy to *eliminate* Dental Brands for Less and other discounters' competition so to control the market in which Dentsply products are sold dentists and maintain the inflated prices for the products they sell dentists, and also their high profit margins.  ECF No. 61, Counterclaim, at ¶¶ 26-46, 54-64, 78-85, 94-149; ECF No. 381-14 (from Henry Schein Dental to Dentsply – "THANK YOU DENTSPLY FOR HELPING US HOLD OUR MARGINS AND KEEP OUR BUSINESS STRONG ☺.")  IQ Dental Supply also alleged this anti-competitive market-exclusion conspiracy.  *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 60, 67-68 ("IQ has satisfied this requirement by plausibly alleging that the Defendants conspired to boycott . . . IQ itself, and engaged in a price-fixing campaign. . . . IQ claims that the Defendants pressured the manufacturers to stop supplying IQ, frightened manufacturers away from supplying IQ in the first place, and otherwise disparaged IQ's business to its customers and potential customers. . . . IQ claims that the Defendants directly pressured manufacturers to stop selling their products to IQ, and that the Defendants sought to damage IQ's business reputation with its customers.  Because IQ was the Defendants' target, these are direct injuries. . . . [T]he allegations of direct boycott are part of the Defendants' vast and

4

multipronged attack on . . . distributors, and dental offices. . . . IQ's complaint here is not limited to price cutting.  IQ has alleged that the Defendants, as part of their elaborate and extensive scheme to force SourceOne and associated entities out of business, exerted pressure on some of IQ's suppliers to boycott IQ.")

Dental Brands for Less therefore alleges an "antitrust injury" – an injury of the type the antitrust laws are intended to prevent and is directly attributable to Dentsply's anti-competitive conduct.  The Second Circuit held this fulfills the "*Gatt* Step One" condition.  *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 63; *Anderson News L.L.C. v. American Media, Inc.,*680 F.3d 162 (2d Cir. 2012) (antitrust violation alleged in which wholesalers orchestrated an agreement with supplier to exclude competing wholesaler from market)*;O.E.M. Glass Network Inc. v. Mygrant Glass Company, Inc.*, 2020 WL 509281 (E.D.N.Y. January 31, 2020) (same).

For example, ECF No. 61, Counterclaim, at ¶ 26 states: "Dentsply's authorized dealers ('Dentsply Cartel Members') conspired horizontally to fix artificially high price levels at which to sell Dentsply Products to dentists in the United States. . . . *They brought Dentsply into their conspiracy to enforce their price fixing agreement and to have it eliminate dealers, in the United States market, discounting Dentsply Products and identify the companies supplying the discounters with Dentsply Products and for it then to cut-off supply of Dentsply Products to discounters.*")  And at ¶ 59, the Counterclaim states: "Dental Brands for Less is *a direct victim of Dentsply and the Dentsply Cartel Members' conspiracy*, since in furtherance of that overarching agreement not to compete on price, *Dentsply enforces Dentsply Cartel Members horizontal price fixing agreement with the purpose eliminating dealers discounting Dentsply Products and cutting-off companies found supplying them with Dentsply Products to sell.*"  ECF No. 61,

5

Counterclaim, at ¶¶ 26-46, 54-64, 78-85, 94-149, identifies specific instances of Dentsply's anti-competitive conduct.

**B.   Dental Brands for Less's allegations fulfill the "*Gatt* Step Two" condition – it alleges "actual injury" attributable to Dentsply's anti-competitive conduct.**

And Dental Brands for Less fulfills the Second Circuit's *"Gatt Step Two"* condition alleging "actual injury" – being "worse-off" because of Dentsply and Dentsply Cartel Members' *"mutual mission . . . once and for all"* to eliminate Dental Brands for Less and other discounters from the market.  *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 64.  Dental Brands for Less has the "right to do business in a market undistorted by [their] unlawful anticompetitive conduct" and it "is entitled to conduct its business in a market that is not infected with an anticompetitive distortion.  Moreover, this is the type of injury the antitrust laws were designed to prevent."  *Id.*

Dental Brands for Less alleges Dentsply *and* its co-conspirators' (Henry Schein Dental, Patterson Dental and Benco Dental) market exclusion activities distort and disrupt the market.  ECF No. 61, at ¶¶ 55 to 57, alleges direct evidence of this – they met together and agreed to eliminate Dental Brands for Less and other discounters selling Dentsply products to dentists and dental practices at discount prices, and afterwards started to *disparage* them and the Dentsply products they sell.  *See also* ECF Nos. 381-7 and 381-8 (minutes and agenda of their meeting at the DTA Gray Market Task Force), and Dentsply's admissions, thereafter, in ECF No. 381-10 (Dentsply to Dentsply Cartel Members – "No other manufacturer is doing what we have done and continue to do in shutting down gray dealers.  No one.  We have shut down 5 major gray dealers over the past 2 years and more to come."); ECF No. 381-11 ("As your largest consumable partner, *we are on a mission to eliminate gray* that only helps keep *our* [Dentsply

and Henry Schein Dental's] mutual doctors and patients safe and assured that our products only

go through *our* authorized dealer network. . . . Dave, I encourage you to include the latest news

on the gray dealer success we have had with your team.  (5 to date)  To my knowledge, other

major manufacturer's haven't shut down any gray dealers.  You may want to incorporate this

into the field communication both you *and* I will be sending out.  This news only helps *the*

*partnership*."); ECF No. 381-12 ("Per our discussion at our last meeting, I look forward to

creating the scorecard with DTA on who is just 'talking tough' with eliminating gray and who is

actually doing something about it . . . . Looking forward to continuing *our* (Dentsply and

Patterson Dental's] *mutual mission of eliminating it once and for all*."); ECF No. 331-13

("DENTSPLY is taking extraordinary steps to reduce the availability of gray market product in

the U.S."); an ECF No. 331-14 ("Fighting Gray Market").

**C.**     **Dental Brands for Less's allegations fulfill the "*Gatt* Step Three" condition – it alleges Dentsply's anti-competitive conduct caused its "actual injury."**

Because Dental Brands for Less fulfills the Second Circuit's *"Gatt Step One"* and *"Gatt*

*Step Two"* conditions, it fulfills the *"Gatt Step Three"* condition having shown Dentsply and

Dentsply Cartel Members' anti-competitive behavior caused its "actual injury."  *IQ Dental*

*Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 64-65.

Indeed, the Court already found Dentsply and Dentsply Cartel Members' statements

concerning the Dentsply products which Dental Brands for Less and other discounters sell

dentists "*literally false*" – defamatory – and sufficiently alleged causing Dental Brands for Less

direct "actual injury."  *Dentsply International Inc. v. Dental Brands for Less LLC, supra*, 2016

WL 6310777, at *4 ("The Counterclaims plausibly allege that Dentsply made *literally false*

*statements* – through emails, at trade shows, and in face-to-face meetings aimed at dentists – that

7

Dentsply's products sold by Dental Brands 'are mishandled' and 'present[ ] an immediate safety and health risk to their patients.'  The Counterclaims allege that these statements are literally false because Dental Brands 'stores and ships' the Dentsply's products 'following the same directions' that Dentsply provides to its authorized distributors; because Dental Brands 'does not sell dental product less than twelve months before its expiration date' and because the Dentsply products Dental Brands offers are not any different in quality, composition or formulation from the Dentsply products sold by authorized distributors.  Accepting these allegations as true, the Counterclaims plausibly allege a false or misleading representation for purposes of a claim under the Lanham Act.").

For the specific allegations, *see* ECF No. 61, at ¶¶ 57.b-d, 98-146.  For actual examples of Dentsply and Dentsply Cartel Members' widespread distribution of "*literally false statements*" to dentists, *see* ECF No. 381-4 (FK006508) ("Attached you will find the most recent UNAUTHORIZED DEALER listing for DENTSPLY.  As many of you know, DENTSPLY is doing more than any other manufacturer to limit the spread of our products thru gray market/*low cost*/unauthorized dealers.  Please contact any of your DENTSPLY representatives if you suspect a product is being sold or advertised from an unauthorized distributor. Gray market severely hurts both of our bottom lines!"); (FK006510 to Henry Schein Dental, and FK006502 to Patterson Dental) ("As you all know, DENTSPLY is leading the industry with *our* efforts to combat gray market products. . . . *In order to help our field teams communicate the risk of buying gray products to the customer [the dentist], we have produced the attached flyer. Please feel free to share this flyer with your teams and with your customers [dentists].* Together we will stamp out gray market sellers and ensure that our teams and our customer get the credit and

8

quality products they deserve.")

And because Dental Brands for Less plausibly alleges Dentsply made *"literally false statements"* to dentists, *"actual injury"* to Dental Brands for Less is *presumed* to be caused by these statements. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 259-261 (2d Cir. 2014)

**D.    Dental Brands for Less allegations show it is an "efficient-enforcer" of the alleged antitrust violations.**

Dental Brands for Less is an "efficient enforcer" of the antitrust law that Dentsply is violating. This adds to its standing to enforce the alleged antitrust violation. *IQ Dental Supply, Inc. v. Henry Schein, Inc., supra*, 924 F.3d at 65, 67-68. The injury Dentsply and Dentsply Cartel Members intend is direct – *"our mutual mission . . . once and for all"* is to *eliminate* Dental Brands for Less. They accomplish this, in part, by damaging Dental Brands for Less's business reputation spreading *"literally false statements"* to dentists through emails, trade shows, and face-to-face meetings the Dentsply's products it sells "are mishandled" and "'present[ ] an immediate safety and health risk to [dentists'] patients". *Dentsply International Inc. v. Dental Brands for Less LLC, supra*, 2016 WL 6310777, at *4.

Dental Brands for Less being the immediate victim of Dentsply's antitrust violation is thus sufficiently motivated to vindicate its and the public interest's in enforcing antitrust law. And too it is in the best position to recover its losses attributable to Dentsply and Dentsply Cartel Members' antitrust violations. Dental Brands for Less damages are not speculative, they relate to ascertainable business and reputation losses. ECF No. 61, at ¶ 153, Request for Relief, at ¶ c. There is no possibility of duplicative recovery or apportionment because the damage to its business, reputation and good will is specific to it.

9

III.     **Conclusion**

Because of the change in law, the Court should reconsider interlocutory order ECF No. 113, and reinstate Dental Brands for Less's antitrust counterclaim.  The law of the case doctrine is no bar.  And case management is not.  First, Dentsply is required to designate new employees to testify in its case-in-chief, because those that did no longer can – Dentsply no longer employs them.  Dental Brands for Less therefore will have to depose any replacement Dentsply makes. If Dentsply does not, it cannot prove its claims.  And second, additional time must be allotted to discovery addressing damages.  ECF No. 403.  The Court consolidated for trial the liability and damage phases.  But because discovery addressing damages, including causation, did not occur, it will have to now.  And discovery addressing Dental Brands for Less's antitrust counterclaim fits-in, since it will show Dentsply did not suffer any monetary loss because Dentsply Cartel Members purchased more product from Dentsply to sell – to Dentsply's competitors' detriment – in exchange for it eliminating their competition – Dental Brands for Less *and* other discount dealers.  ECF No. 369, Dental Brands for Less's Response to ¶ 6.

Respectfully submitted,

ARNOLD I. KALMAN, ESQUIRE (AK 1932)

Dated: April 24, 2020

10

## Certificate of Service

I hereby certify, on April 24, 2020, Counterclaim Plaintiff Dental Brands for Less LLC's *Fed.R.Civ.Proc.* 54(b) Motion to Reconsider ECF No. 113, and to Reinstate Counterclaim (ECF No. 61), Count One (For Unlawful Conspiracy in Unreasonable Restraint of Trade in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1) and Memorandum of Law in Support of the Motion were filed through the Court's CM/ECF System.  Notice of this filing will be sent by email to counsel for Dentsply Sirona Inc., Jonathan Honig, Esquire, by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**ARNOLD I. KALMAN, ESQUIRE (AK 1932)**
Law Offices of Arnold I. Kalman
245 South Hutchinson Street
Philadelphia, Pennsylvania 19107-5722
Telephone:  215-829-9613
Fax:  215-829-9619
E-mail: arnoldkalman@arnoldkalmanlaw.com

*Attorney for Defendant and Counterclaim Plaintiff,*
*Dental Brands for Less LLC dba Dental Wholesale*
*Direct*

Dated: April 24, 2020